IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES "JIM" TOMASIK, J. DANIEL ) <br> TOMASIK, and LIBERTARIAN PARTY ) <br> OF TENNESSEE, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v.  ) <br>   ) <br> MARK GOINS, Coordinator of Elections ) <br> for the State of Tennessee; TRE HARGETT,) <br> Secretary of State for the State of Tennessee;) <br> SHELBY COUNTY ELECTION ) <br> COMMISSION, through its Members, ) <br> Robert D. Meyers, Chairmanl Norma Lester,) <br> Secretary; Dee Nollner, Commissioner; ) <br> Steve Stamson, Commissioner, and Anthony ) <br> Tate, Commissioner, ) <br>   ) <br>   Defendants. ) | Case No.   3:13-cv-01118 <br><br> JUDGE HAYNES |

**STATE DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

Come the State Defendants, Tre Hargett, Tennessee Secretary of State, and Mark Goins, Coordinator of Elections for the State of Tennessee, in their official capacities, by and through their counsel of record, the Attorney General and Reporter for the State of Tennessee, and hereby submit this Response to Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs have filed a challenge to Tennessee's minor party ballot-access statutes as applied to Plaintiffs for the November 21, 2013 Special General Election in Tennessee State House District 91. Plaintiffs have requested specific injunctive relief asking this Court to order

the Defendants "to place James "Jim" Tomasik on the ballot listing him as a Libertarian rather than an Independent for the Special General Election on November 21, 2013, for the State House District 91." (D.E. 11, Motion for Preliminary Injunction Page ID# 36).

The State Defendants are not in a position to agree to the injunctive relief requested for the following reasons. First, the State Defendants recognize that this Court has previously ruled in *Green Party of Tennessee v. Hargett*, No. 3:11-cv-00692 (M.D.Tenn. June 18, 2013), that Tennessee's minor party ballot-access statutes are unconstitutional as applied to the Green Party of Tennessee and the Constitution Party of Tennessee. The State Defendants object to that ruling and have appealed it to the Sixth Circuit Court of Appeals. Thus, in order to preserve their objections and not compromise their position on appeal, the State Defendants cannot agree to the declaratory and injunctive relief requested.

Second, with respect to the specific relief requested by Plaintiff James Tomasik, *i.e.*, that Defendants be ordered to place him on the ballot listing him as the nominee of the Libertarian Party rather than as an Independent candidate, the State Defendants do not believe that they have the statutory authority to bind or otherwise order the Shelby County Election Commission to place Mr. Tomasik on the ballot as the Libertarian candidate. The Tennessee General Assembly has specifically set forth the duties and powers of the State Election Coordinator, which includes the power to

> [e]nsure that all election commissions within the state shall prohibit any person from becoming qualified to have such person's name placed on any ballot wherein such person is seeking to be nominated or elected to an office for which such person is ineligible or to more than one (1) state legislative office as described in § 2-13-202, voted on by voters during any primary or general election.

Tenn. Code Ann. § 2-11-202(a)(12). Thus, while the State Election Coordinator is given the statutory authority to order county elections commissions to keep persons off the ballot under certain circumstances, no corresponding authority to order county election commissions to place persons on the ballot is given to the State Election Coordinator.

Consequently, even if the State Defendants were in a position to agree to the injunctive relief requested, such agreement would not afford complete or meaningful relief to Plaintiff James Tomasik without also having the agreement of the Shelby County Election Commission. Accordingly, in order to preserve their objections to this Court's ruling in *Green Party v. Hargett* and not compromise their position in the appeal to the Sixth Circuit Court of Appeals, and given that the State Defendants are without statutory authority to bind the Shelby County Election Commission, the State Defendants cannot agree to the entry of an order granting the requested declaratory and injunctive relief. The State Defendants stand, however, willing to comply with any order of this Court.

> Respectfully submitted,
>
> ROBERT E. COOPER, JR.
> Attorney General and Reporter
>
>
> /s/ Janet M. Kleinfelter_____
> JANET M. KLEINFELTER (BPR 13889)
> Deputy Attorney General
> Public Interest Division
> Office of Tennessee Attorney General
> P.O. Box 20207
> Nashville, TN 37202
> (615) 741-7403
> Janet.kleinfelter@ag.tn.gov

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on the 30th day of October 2013 that a copy of the above document has been served upon the following persons by:

> W. Gary Blackburn
> 213 Fifth Avenue N. Suite 300
> Nashville, TN 37219
> gblackburn@wgaryblackburn.com

> James C. Linger
> 1710 South Boston Avenue
> Tulsa, Oklahoma 74119-4810
> bostonbarristers@tulsacoxmail.com

> John Ryder
> Harris Shelton Hanover Walsh, PLLC
> 40 South Main, Suite 2700
> Memphis, TN 38103
> jryder@harrissshelton.com

/s/ Janet M. Kleinfelter
JANET M. KLEINFELTER